**10 CV 9184**

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FANNIE MAE SECURITIES AND
EMPLOYEE RETIREMENT INCOME SECURITY
ACT (ERISA) LITIGATION
    Liberty Mutual Ins. Co., et al. v. Goldman, Sachs & Co.,   )
        D. Massachusetts, C.A. No. 1:10-11150             )             MDL No. 2013

TRANSFER ORDER

**Before the Panel**[*]: Plaintiffs in this District of Massachusetts action move, pursuant to former Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001),[1] to vacate our order conditionally transferring the action to the Southern District of New York for inclusion in MDL No. 2013. Defendant Goldman, Sachs & Co. (Goldman Sachs) opposes the motion.

After reviewing the argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Southern District of New York, and that transfer of this action to the Southern District of New York for inclusion in MDL No. 2013 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that this action should be transferred for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of New York was an appropriate Section 1407 forum for actions involving allegations that the Federal National Mortgage Association (Fannie Mae) was undercapitalized and defendants concealed this fact from investors in order to raise capital. *See In re Fannie Mae Secs. and Employee Ret. Income Sec. Act (ERISA) Litig.*, 598 F. Supp. 2d 1374 (J.P.M.L. 2009).

Plaintiffs in the action before the Panel argue against transfer of their action that, *inter alia*, (1) Goldman Sachs is only one of twenty defendants in MDL No. 2013, (2) no claims arising under the Securities Exchange Act of 1934 are pending against Goldman Sachs in MDL No. 2013, and (3) plaintiffs assert unique claims against Goldman Sachs involving allegations that Goldman Sachs was "shorting" the real estate market. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. *See, e.g., In re Gadolinium Contrast Dyes Prods. Liab. Litig.*, 536 F.Supp.2d 1380, 1382 (J.P.M.L.

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] Amended Panel Rules became effective on October 4, 2010.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY_____
      Deputy Clerk

-2-

2008). Nor does it require a majority of common parties. Indeed, the present action shares questions of fact with the MDL No. 2013 actions, including an individual action asserting some similar claims against Goldman Sachs. Goldman Sachs is thus already involved in MDL No. 2013 in its capacity as an underwriter for Fannie Mae securities. Moreover, even though Fannie Mae is not named as a defendant, this action will involve discovery from and involving Fannie Mae and its employees that overlaps with discovery in MDL No. 2013.

It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rules 10.1-10.3, R.P.J.P.M.L.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Paul A. Crotty for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

David R. Hansen         Barbara S. Jones
W. Royal Furgeson, Jr.  Paul J. Barbadoro
Frank C. Damrell, Jr.